DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUSTIN LAGUERRE,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D2025-2539

[November 19, 2025]

Petition for writ of certiorari to the County Court for the Fifteenth Judicial Circuit, Palm Beach County; Lourdes Casanova, Judge; L.T. Case No. 50-2025-CF-002580-BXXX-MB.

Melanie Malavé, Fort Lauderdale, for petitioner.

James Uthmeier, Attorney General, Tallahassee, and Briana P. Reed, Assistant Attorney General, West Palm Beach, for respondent.

### *ON CONCESSION OF ERROR*

GERBER, J.

The defendant petitions for a writ of certiorari, seeking to quash the county court's order denying the defendant's admission into drug court. The defendant argues no competent substantial evidence supported the county court's finding that he is not eligible for drug court, and thus the county court departed from the essential requirements of law in denying the defendant's admission to drug court. The state concedes error. We agree with the state's concession and grant the petition.

Section 948.08(6)(b), Florida Statutes (2025), states:

> Notwithstanding any provision of this section, a person is eligible for voluntary admission into a pretrial substance abuse education and treatment intervention program, including a treatment-based drug court program established pursuant to s. 397.334, approved by the chief judge of the

circuit, for a period to be determined by the court, based on the clinical needs of the defendant, if he or she:

1.  Is identified as having a substance abuse problem and is amenable to treatment.

2.  Is charged with a nonviolent felony.

3.  Is not also charged with a crime involving violence, including, but not limited to, murder, sexual battery, robbery, carjacking, home-invasion robbery, or any other crime involving violence.

4.  Has two or fewer felony convictions, provided that the prior convictions are for nonviolent felonies.

§ 948.08(6)(b), Fla. Stat. (2025).

Section 948.08(6)(c), Florida Statutes (2025), states: "Upon motion of either party or the court's own motion, and with the agreement of the defendant, the court ***shall*** admit an eligible person into a pretrial substance abuse education and treatment intervention program," unless an enumerated exception to admission applies.  § 948.08(6)(c), Fla. Stat. (2025) (emphases added).  *See also Andrade v. State*, 328 So. 3d 307, 309 (Fla. 4th DCA 2021) ("If Petitioner meets the eligibility criteria and does not fall under any of the three exceptions set forth in section 948.08(6)(c)1.–3., the trial court lacks the authority to exercise its discretion and exclude Petitioner from the program.").

The defendant's motion for admission into drug court demonstrated he met all eligibility requirements, and that none of the enumerated exceptions to admission applied.  The motion cited a psychological evaluation opining the defendant has a substance abuse problem and is amenable to treatment.  The motion also correctly stated the defendant was charged with a non-violent felony and had no prior felony convictions.

The state argued to the county court judge presiding over drug court that the defendant was trying to "evade being held accountable for … a white-collar crime," and "this is not the typical type of charge that we see in drug court."

The county court apparently accepted the state's argument and entered a written order denying the defendant's admission to drug court because

he "does not have a substance abuse problem or is [not] amenable to treatment."

As stated above, the state now concedes no competent substantial evidence supported the county court's findings, and thus the county court departed from the essential requirements of law in denying the defendant's admission to drug court.

We agree with the state's concession and grant the defendant's petition. We quash the county court's order, and remand with directions to admit the defendant into drug court.

*Petition granted; remanded with directions.*

KUNTZ, C.J., and KLINGENSMITH, J., concur.

\*      \*      \*

***Not final until disposition of timely-filed motion for rehearing.***

3